UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANNEN ROBERSON, #981817,

    Plaintiff,                                    Hon. Paul L. Maloney

v.                                                   Case No. 1:24-cv-131

UNKNOWN SLUSHER, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 20). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be denied.

## BACKGROUND

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Macomb Correctional Facility (MRF). Plaintiff initiated this action against the following individuals regarding events which occurred when he was incarcerated at the Bellamy Creek Correctional Facility (IBC): (1) Unknown Slusher; (2) Unknown Genwicki; and (3) John Doe #1. (ECF No. 1). In his complaint, Plaintiff alleges the following.

In May and June 2023, Plaintiff experienced "several seizures." Plaintiff "repeatedly" requested "medical attention," but Defendant Slusher and others denied

-1-

Plaintiff's requests. Plaintiff was later examined by a physician, Defendant Doe, who refused Plaintiff's request to be examined by a specialist. Doe instead merely increased the dosage of Plaintiff's anti-seizure medication.

On June 6, 2023, Plaintiff informed Defendant Genwicki that "he felt like committing suicide to get away from the pain and end it." In response, Genwicki instructed Plaintiff "to wait until Second Shift. . .to kill himself." Plaintiff then attempted to hang himself, after which he was transported to a local hospital. Plaintiff was subsequently transferred to the Woodland Center Correctional Facility (WCC) for treatment. Plaintiff thereafter experienced "several more seizures," after which it was determined that Plaintiff's "shunt had failed," which necessitated that Plaintiff undergo brain surgery.

Plaintiff alleges that Defendants exhibited deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights. Plaintiff further alleges that Defendants violated his rights under Michigan law. Defendants Slusher and Genwicki now move for summary judgment on the ground that Plaintiff has failed to properly exhaust his available administrative remedies. Plaintiff has responded to this motion. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-

moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d at 474.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). Accordingly, summary judgment in favor of the party with the burden of proof "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action regarding prison conditions under 42 U.S.C. § 1983 must first exhaust his administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). This obligation only extends, however, to such administrative remedies as are available. *Ross v. Blake*, 578 U.S. 632, 642 (2016) (a prisoner "must exhaust available remedies, but need not exhaust unavailable ones").

Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Ibid*.

With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner must attempt to resolve the issue with staff, unless prevented by circumstances beyond his control, or the issue falls within the jurisdiction of Internal Affairs. MDOC Policy Directive 03.02.130 ¶ Q (Mar. 18, 2019). The prisoner must attempt to resolve the matter within two days of becoming aware that there exists a grievable issue. (*Id.*).

If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance, but such must be submitted within five business days after attempting to resolve the matter with staff. MDOC Policy Directive 03.02.130 ¶ W (Mar. 18, 2019). The issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included." MDOC Policy Directive 03.02.130 ¶ S (Mar. 18, 2019).

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. MDOC Policy Directive 03.02.130 ¶ DD (Mar. 18, 2019). If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III. MDOC Policy Directive 03.02.130 ¶ HH (Mar. 18, 2019).

In support of their motion, Defendants assert that Plaintiff pursued two grievances related to the events in question. (ECF No. 21, PageID.70). According to Defendants, Plaintiff's grievances were both rejected as vague at all three steps of the grievance process. (*Id.*). Defendants further argue that Plaintiff's grievances failed to identify them by name as required by MDOC policy. The shortcoming with Defendants' arguments, however, is that they are not supported by evidence. Normally, when moving for relief on exhaustion grounds, the Attorney General submits copies of all the relevant grievances and the responses thereto. This evidence is often supplemented with an affidavit of some kind. In this instance, however, Defendants have submitted an unverified grievance summary and the Step II responses to Plaintiff's two grievances. This evidence is inadequate to satisfy Defendants' burden.

First, by failing to submit Plaintiff's Step I grievances, the Court cannot assess whether the conclusion that Plaintiff's grievances were vague or failed to identify Defendants is accurate.[1] Even if the Court assumes that Plaintiff's Step I grievances substantiate Defendants' arguments, by failing to submit Plaintiff's Step III grievances, the Court cannot assess whether those alleged deficiencies were affirmed at Step III or whether prison officials deemed them to be in error or otherwise

---

[1] As the Court has previously observed, it possesses the authority to disregard errors or mistakes made by prison officials when enforcing prison grievance policies. *See, e.g., Burnett v. Walsh*, 2020 WL 3716555 at *3-4 (E.D. Mich., June 15, 2020); *Ashley v. Boayue*, 2020 WL 5985203 at *5-6 (E.D. Mich., Feb. 18, 2020).

adjudicated Plaintiff's grievances on the merits. Simply put, Defendants have failed to meet their burden to establish that Plaintiff failed to exhaust his administrative remedies. Accordingly, the undersigned recommends that Defendants' motion be denied.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment (ECF No. 20) be denied.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: November 13, 2024         /s/ Phillip J. Green
                                PHILLIP J. GREEN
                                United States Magistrate Judge